IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-59,698-06






EX PARTE GUY BERNARD MUNSCH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-2-008321-0671009-F IN THE CRIMINAL NO.2 DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and indecency with a child and sentenced to forty years' and twenty years'
imprisonment, respectively. The Second Court of Appeals affirmed his conviction. Munsch v. State,
No. 2-99-202-CR (Tex. App. - Fort Worth, May 24, 2001, pet ref'd). 

 Applicant contends, inter alia, that his trial counsel and appellate counsel rendered
ineffective assistance. Concerning trial counsel, Applicant contends that counsel failed to: (1) raise
a double jeopardy objection at trial and seek an election or request that the indecency offense be
charged as a lesser-included offense; (2) request a limiting instruction to the testimony of Ms.
Waggoner that was offered and admitted as the complainant's prior inconsistent statement; (3) advise
Applicant that evidence of his criminal record and prior bad acts would not come in at the guilt phase
if he did not testify and open the door; and (4) object to the offer and admission of Ms. Waggoner's
testimony as the complainant's prior inconsistent statement, when the State had failed to lay the
predicate under Tex. Rules of Evid. Rule 613 (a) and used Ms. Waggoner's testimony to add to the
complainant's testimony, not impeach it.

 Concerning appellate counsel, Applicant contends that counsel failed to assert as grounds on
appeal: (1) the error in admitting Ms. Waggoner's testimony as the complainant's prior inconsistent
statement; (2) the error in considering Ms. Waggoner's testimony as substantive evidence of guilt;
and (3) the double jeopardy violation of convicting Applicant of two offenses committed during the
same transaction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide trial counsel and appellate counsel with the opportunity to respond to Applicant's
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's
attorneys was deficient and, if so, whether the deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 9, 2008

Do not publish